```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WARREN COOPER,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     14-CV-4858(JS)(ARL)

NASSAU COUNTY CORRECTIONAL
FACILITY,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Warren Cooper, pro se
                   13003205
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendant:     No appearances.
```

SEYBERT, District Judge:

On August 8, 2014, incarcerated pro se plaintiff Warren Cooper ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Facility ("the Jail" or "Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Nassau Jail and WITH LEAVE TO FILE AN AMENDED COMPLAINT as set

forth herein pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following facts in their entirety:[2]

> On August 2nd i was eating lunch when i eat a nice size shank that was in my food. My complaint is that it should have not been in there in the first place. My food had stuff in there that should have not been there to. Not only the pieaces of shank in witch i swolled. I showed my tray to the food cart worker. He gave it to the CO. It was a plastic shank. I told to of the workers on the cart. I wanted to go to sick call to get checked out. Notthing happen untill i strated makeing a big deal. By that time who know what would have happend. Thank you/It happen on E1 E-3 Cell.

(Compl. ¶ IV.) Plaintiff claims that:

> By me swolling a pieace of that shank I've been Filling sick. Not only that. I'am now scared to eat this food because anything can be put in there. I don't know if i got something. Now my mine is going crazy because of it. I can't sleep just thinging i may have got something that may kill me. Sick call has given me one pill to clean myslef out. Think you. On E1-E3 Cell is where this happen.

(Compl. ¶ IV.A.) For relief, Plaintiff asserts that:

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The excerpts from the Complaint are reproduced here exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected or noted.

> There is really notthing that can be done.
> This complaint has allready happen And For you
> to check every tray or inmate working would be
> a lot. Some pleople put a complaint in For
> Founds. Money would never make up For what
> has happen. The pain and me being scared to
> eat or the hard time sleeping. Because of
> this it may never go away. If i prevail and
> money is given I wouldnt care much it can help
> me. But the promblem needs to be Fixed money
> or not something needs to be done thank you.

(Compl. ¶ V.)

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> 28 U.S.C. § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u>

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.

4

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

    A.   Claim Against the Nassau Jail

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] of the . . . County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's claim against the Nassau Jail is not plausible because the Nassau Jail has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

However, given Plaintiff's pro se status and affording

his Complaint a liberal construction, the Court next considers whether he has alleged a plausible Section 1983 claim against the municipality, Nassau County. For the reasons that follow, the Court finds that he has not.

B. <u>Claim as Construed Against Nassau County</u>

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y. City</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. Cnty. of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011) (quoting <u>Connick v. Thompson</u>, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final

6

decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim as construed against Nassau County. Accordingly, Plaintiff's Complaint, as construed against Nassau County is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any**

7

**Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 14-CV-4858(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint supercedes the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE as against the Nassau Jail for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 14-CV-4858(JS)(ARL).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __13__, 2015
 Central Islip, New York