```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WARREN COOPER,

                    Plaintiff,
                                           MEMORANDUM & ORDER
         -against-                         14-CV-4858(JS)(AYS)

I DON'T KNOW SOME CO'S WILL NOT
TELL YOU THERE NAME OR BAGE [sic]
NUMBER BUT THEY WORK IN NASSU
[sic] COUNTY CORRECTION,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Warren Cooper, pro se
                    15A1088
                    Sing Sing Correctional Facility
                    354 Hunter Street
                    Ossining, NY 10562

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 8, 2014, incarcerated pro se plaintiff Warren Cooper ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Facility ("the Jail" or "Defendant"), accompanied by an application to proceed in forma pauperis. By Memorandum and Order dated March 13, 2015 (the "M&O"), Plaintiff's in forma pauperis application was GRANTED, but the Complaint was DISMISSED WITH PREJUDICE as against the Jail and Plaintiff was GRANTED LEAVE TO AMEND his Complaint within thirty (30) days therefrom. The M&O was returned to the Court on March 23, 2015 with the stamp "Return to Sender

Discharged." (See Docket Entry 8.) Plaintiff updated his address, the M&O was re-mailed to him on April 8, 2015, and the undersigned extended the time within which to file an Amended Complaint to May 29, 2015. (See Electronic Order, dated April 28, 2015.) On May 13, 2015, Plaintiff filed a letter purporting to be his Amended Complaint. (See Docket Entry 12.) By Electronic Order dated June 25, 2015, the Court advised Plaintiff that his May 13, 2015 letter did not constitute an Amended Complaint and afforded Plaintiff a final opportunity to file an Amended Complaint by July 31, 2015. On July 13, 2015, Plaintiff filed an Amended Complaint against unnamed corrections officers alleged to work at the Jail. (See Docket Entry 13.) Because Plaintiff's allegations as set forth in his Amended Complaint do not allege a plausible Section 1983 claim, the Amended Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

The allegations set forth in Plaintiff's Amended Complaint are nearly identical to those alleged in the original Complaint. Plaintiff alleges that, on August 2, he swallowed a "nice size peace [sic] of a shank that was in my tray." (Am. Compl. ¶ IV.) As a result, Plaintiff was taken to the medical unit where a nurse gave

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

Plaintiff "a pill to clean it out." (Am. Compl. ¶ IV.) As a result, Plaintiff claims to be "scared to eat correctional food" and seeks to recover a damages award of one thousand dollars ($1,000). (Am. Compl. ¶¶ IV.A-V.)

DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,

3

173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

4

Section 1983 does not create any independent substantive right. Rather, it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Upon a liberal construction, it appears that Plaintiff seeks to allege a deliberate indifference claim challenging the conditions of his confinement and adequacy of medical treatment. However, Plaintiff does not cite to a particular section of the Constitution nor does he allege whether he is pre- or post-conviction. Although the Eighth Amendment does not technically apply to pretrial detainees in the context of a deliberate indifference claim, the standard of review for a Fourteenth Amendment Due Process claim for a pretrial detainee is the same as that for an Eighth Amendment claim in the case of a convicted prisoner. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. CONST. amend. VIII, and, the Fourteenth Amendment's Due Process clause makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. Cal., 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth Amendment "'does not mandate comfortable prisons,'" it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir.

5

2001) (citing Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981) and Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994)).

Claims of poor confinement conditions can be the basis for an Eighth Amendment claim if such conditions result "'in unquestioned and serious deprivations of basic human needs.'" Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). But, like other Eighth Amendment claims, Plaintiff must also plead facts reflecting that such conditions were imposed with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991) (internal quotation marks and citation omitted).

Here, Plaintiff alleges an isolated incident--that he ingested an object from his food tray--and acknowledges that medical care was provided to him. (Am. Compl. at ¶ IV.) Even if the Court liberally construed the allegations in the Amended Complaint, it is clear that the allegations fall far short of rising to the level of a serious deprivation of human need. (See Anderson, 757 F.2d at 35.) Nor has Plaintiff alleged that the condition of which he complains was imposed with the requisite deliberate indifference. Moreover, insofar as Plaintiff attempts to allege a claim of deliberate indifference to his serious medical needs, such claim is not plausible given Plaintiff's concession that he received medical

6

treatment.  (Am. Compl. at ¶¶ IV-IV.A)  Accordingly, Plaintiff's Amended Complaint fails to allege a plausible deliberate indifference claim and, for the reasons set forth above, his Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November   5  , 2015
       Central Islip, New York